423 P.2d 34

Pedro M. CHAVEZ, Plaintiff-Appellee,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant-Appellant.

No. 8067.

Supreme Court of New Mexico.

Jan. 23, 1967.

B. G. Johnson, J. T. Paulantis and E. D. Lanphere, Albuquerque, for appellant.

Lorenzo A. Chavez, Melvin L. Robins,. Albuquerque, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant appeals from an adverse jury verdict in a suit brought under the Federal

Employers' Liability Act. Four issues are raised: (1) sufficiency of the evidence as to negligence, (2) excessive verdict, (3) correctness of a damage instruction and (4) conduct of counsel in argument to the jury.

Plaintiff, with two other workmen, was unloading barrels from a truck into a railroad car called a reefer. Each barrel weighed six hundred pounds. The barrels rested on their flat ends. To move a barrel, it would be tipped on its rim and then rolled on its rim from the truck to the reefer. Plaintiff had tipped a barrel towards himself. In attempting to prevent the barrel from pulling away from him, he was injured.

Plaintiff claimed three items of negligence: (1) failing to furnish plaintiff with a safe place to work, (2) failing to furnish sufficient help and (3) failing to furnish adequate equipment. Defendant contends there was no evidence on which to submit items (2) and (3) to the jury.

█ Under the federal statute, a defendant is liable in damages for an injury resulting "in whole or in part" from its negligence. 45 U.S.C. § 51; Bourguet v. Atchison T. & S. F. Ry., 65 N.M. 207, 334 P.2d 1112.

██ Federal decisional law determines whether there is sufficient evidence of negligence to go to the jury. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. In determining whether a jury question is presented, our appraisal of the evidence is:

"* * * [L]imited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury * *" Rogers v. Missouri Pacific R. R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Inman v. Baltimore & O. R. R., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198.

On the claim of insufficient help, the following evidence was admitted without objection. The storeroom foreman gave directions as to the work to be done. He used "whatever men is allowed to me." After he gave the directions, it was up to the gangleader to see that the work was done. It was the gangleader's job to see that he had the "proper men." The storeroom foreman sent three men to move the barrels, the gangleader, the plaintiff and another man. Moving a barrel is a two-man job. When the accident occurred, the gangleader and the other man were inside the reefer moving a barrel. Plaintiff had seen the gangleader moving a barrel by himself. After the accident, two men were added to the crew.

On the claim of inadequate equipment, the following evidence was admitted without objection. The truck was so situated that unloading of the barrels from the truck into the reefer was up an incline. The gangleader had brought this up at safety meetings prior to the accident. After the ac-

cident, under directions from the storeroom foreman, dirt was removed from near the reefer car so the bed of the truck was more nearly on the level. A device for moving barrels, known as a barrel truck, was in the vicinity on the day of the accident, but was not used. It was the gangleader's job to see that there was proper equipment. When two men move barrels, the barrel truck is not used.

Defendant points out that no one asked or told plaintiff to move a barrel by himself, that he did not ask for help in moving the barrel and that at safety meetings, the employees were told not to lift things too heavy for one person. Defendant asserts that plaintiff voluntarily attempted to move the barrel by himself, and at the time he attempted to move the barrel the other two crew members were in the reefer car seven feet away.

■■■ Relying on Armstrong v. Missouri-Kansas-Texas Ry., 233 S.W.2d 942 (Tex.Civ.App., 1950); Gulf, Colorado & S. F. Ry. v. Deen, 275 S.W.2d 529 (Tex.Civ. App., 1955); and Thompson v. Atchison T. & S. F. Ry., 96 Cal.App.2d 974, 217 P.2d 45, defendant contends: (1) where sufficient employees are available to perform a task and one employee undertakes to do it himself, the employer is not liable for failure to furnish sufficient help and (2) where sufficient employees are available to perform the task, it is not necessary for the employer to furnish tools or require that the task be performed in some other manner. These contentions assume a fact in dispute —were there sufficient employees available?

In FELA cases the test is whether the proof justifies with reason the conclusion that the employer's negligence played even the slightest part in producing the injury for which damages are sought. 4 L.Ed.2d 1792; Padilla v. A. T. & S. F. Ry., 61 N.M. 115, 295 P.2d 1023. The evidence set forth above met this test on the issue of failing to provide sufficient help and on the issue of failing to furnish adequate equipment.

"When this test is met, the judge must find that a jury case exists notwithstanding that from the evidence the jury may also, on grounds of probability, reasonably attribute the result to other causes, including the employee's contributory negligence." 4 L.Ed.2d 1792.

■■■ The jury found that the total amount of plaintiff's damage was $27,500.00, that he was contributorily negligent and that this contributory negligence amounted to 10%. Pursuant to the federal statute, the contributory negligence was deducted so that the damage award amounted to $24,-750.00. Defendant contends that the $27,-500.00 total damage · figure is so grossly excessive as to constitute passion and prejudice.

In FELA cases arising in state courts, the state court may review the verdict for

excessiveness. Rivera v. A. T. & S. F. Ry., 61 N.M. 314, 299 P.2d 1090.

The question of excessiveness is determined by (1) whether the evidence, viewed in the light most favorable to plaintiff, substantially supports the award and (2) whether there is an indication of passion, prejudice, partiality, sympathy, undue influence or a mistaken measure of damages on the part of the fact finder. Massey v. Beacon Supply Co., 70 N.M. 149, 371 P.2d 798; Nash v. Higgins, 75 N.M. 206, 402 P.2d 945.

At the time of the accident on July 9, 1962, plaintiff felt a "hot wire pull" in his low back. From the accident until hospitalized, he sought medical attention for his low back complaints as an outpatient at the A. T. & S. F. Hospital in Albuquerque on five occasions. He was hospitalized from August 14 to August 25, 1962, receiving traction and physical therapy, with diagnosis of lumbosacral strain. After his discharge and through August 22, 1963, he returned to the hospital as an outpatient forty-two times. Most of these visits were in connection with his low back.

Through October 15, 1962, the doctor restricted plaintiff's lifting to a twenty-pound limit. After plaintiff's light duty restriction was lifted, plaintiff could not do heavy work. This inability to do heavy work continued up to time of trial, which was three years later.

Plaintiff had low back discomfort at extremes of bending to the left, forward or backward. Recovery from forward bending was slow, accompanied by muscle spasm.

An arthritic condition at the lumbosacral level pre-existed the accident. The accident inflicted "additional damage on the joint" and "further injured the disc." These additional injuries "are the cause of the pains of which he complains." Plaintiff's complaints started when he lost control of the barrel and strained his back; his condition continued to trial without significant change.

Defendant presents its contention of an excessive verdict on the basis of evidence which conflicts with the evidence stated above. Conflicting evidence does not aid defendant. On appellate review we do not weigh the evidence. Massey v. Beacon Supply Co., supra.

Damages awarded by a jury should not be ruled as excessive except in extreme cases. Hall v. Stiles, 57 N.M. 281, 258 P.2d 386. Under the tests to be applied, this is not such a case. The record does not indicate the passion or prejudice claimed by defendant. Nor can we say as a matter of law that the evidence fails to substantially support the jury verdict.

As a part of its attack on the damage award, defendant asserts error on the basis of instruction 27. This instruction

told the jury that damages for disability and pain and suffering could be awarded—even though the disability and pain and suffering was in part "the result of the aggravation by the injury of a pre-existing defect. * * *" The objection was that it allowed the jury to speculate "as to the amount of disability or aggravation thereof."

The objection is not valid. Instruction 26 sets forth the elements of damage and informed the jury that damages were to be based on "proof relating to the subject." Even if proof of extent of aggravation is required in FELA cases, a point we do not decide, the instructions covered this. Instruction 27 refers to the "result of the aggravation." Instruction 26 told the jury how to determine the aggravation. That instruction informed the jury to consider plaintiff's physical condition prior to the injury, at the time of trial and what it would have been but for the injury. See Martin v. Darwin, 77 N.M. 200, 420 P.2d 782, opinion issued December 5, 1966.

■ Defendant raises two points concerning the conduct of plaintiff's counsel during closing argument. Defendant claims that each point was prejudicial and that its motion for mistrial should have been sustained.

The first point is that defendant's counsel was accused of suppressing evidence. Defendant's closing argument referred to the fact that it took two men to move the bar-

rels, that the defendant didn't have to anticipate that someone would move a barrel without help. Plaintiff's reply argument referred to plaintiff's testimony that Mr. Maes, the gangleader, had moved a barrel by himself.

Then plaintiff's attorney said that if plaintiff's testimony wasn't true, "all the railroad had to do" was to have Mr. Maes testify to that effect. However:

"* * * [T]hey did not take the trouble to check with Gilbert Maes to find out whether he had moved those barrels around by himself. Or, perhaps they did check with him and found out that he did, and it was for that reason that he was not called as a witness."

This was not a reference to defendant's counsel. The "they" refers to the railroad. The comment did not charge that evidence was suppressed. All it asserted was that the failure to question Mr. Maes as to whether Mr. Maes had moved a barrel by himself showed that he had done so. See Higgins v. Carroll, 86 N.H. 312, 167 A. 270.

Mr. Maes was available; he was in the defendant's employ and he could testify whether he did or did not move the barrel by himself. Accordingly, the general rule is applicable.

"It may be stated as a general rule, * * that it is permissible for counsel in a civil case, in his argument to the jury, to comment on the failure or omission of the

adverse party to produce or examine as a witness on his behalf an employee of such party who is apparently qualified to testify in regard to the matter or question in issue. * * *" 68 A.L.R.2d 1074.

Counsel's comment on the failure to question Mr. Maes on this point was proper under the circumstances. Counsel's speculation as to why Mr. Maes was not called was within the realm of permissible argument. See State v. Martin, 32 N.M. 48, 250 P. 842.

 The second point is that plaintiff's counsel, during argument, handed documents to the jury which were not in evidence. During argument plaintiff's counsel referred to the hospital record, referred to various dates on which plaintiff visited the hospital, and the record entry made on those dates. He then said, "I'll give you this whole record. If you want to look at it, you go ahead—This is the entire hospital record from the time that he was injured in July of 1962 to the end, * *."

Defendant objected: "The hospital record was marked in evidence, and I am sure that those documents do not contain all of Exhibit No. 1." Exhibit No. 1 was the hospital record admitted as evidence.

What counsel handed to the jury does not appear in the record before us. Plaintiff asserts it was an exact copy of the hospital record that had been introduced in evidence. Defendant does not claim that the documents were not true copies; it objects because copies were used and also because it was not all of the exhibit.

Counsel's use of the documents was to illustrate the medical condition of plaintiff and was in reply to defendant's arguments concerning plaintiff's condition. We find no authority that prevents counsel from using a portion of an exhibit to illustrate his argument, and counsel have cited none.

It is for the trial court to determine whether there has been prejudicial misconduct requiring a mistrial. Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337, 84 A.L.R.2d 1269; Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067. With no showing as to the contents of the documents used by counsel, we cannot say that the trial court abused its discretion in denying the motion for mistrial.

The judgment is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.