Reaford E. BROWNING, Plaintiff in Error,

v.

D. Porter RAY, Defendant in Error.

No. 41719.

Supreme Court of Oklahoma.

April 23, 1968.

McClelland, Collins, Sheehan, Bailey, Bailey & Short, Oklahoma City, for plaintiff in error.

John Allen Phillips, II, Phillips & Moore, Durant, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the lower court sustaining a demurrer to plaintiff's evidence in an action brought by plaintiff to recover damages for alleged malicious prosecution. On appeal, the par-ties appear in the same relative position as in the trial court and hereinafter will be referred to as there designated.

The principal question is whether plaintiff's evidence sufficiently established the necessary elements of malicious prosecution to require the submission to the jury of the alleged cause of action.

In July, 1963, plaintiff, a resident of Oklahoma County, was employed as a Fish and Game Ranger by the City of Oklahoma City to patrol that City's water reservoir located in Atoka County (hereinafter referred to as the Atoka Reservoir). Plaintiff's duties as a ranger consisted of patrolling the lake to enforce safety regulations and to determine whether people using the lake had obtained fishing and boating licenses required by the City of Oklahoma City. However, he was instructed not to arrest those persons who had failed to obtain such licenses, but was to take their names and addresses so that such persons could be advised by letter of the requirements of the applicable Oklahoma City ordinances.

While patrolling the Atoka Reservoir at approximately 10:00 o'clock A.M. July 20, 1963, plaintiff and a fellow ranger, who was a resident of Atoka County, discovered two men fishing from a boat. Upon inquiry, plaintiff and his companion learned that the two fishermen did not have fishing licenses issued by concessionaires of Oklahoma City. When advised that such licenses were required, the fishermen expressed the belief that they did not need such licenses to fish in the reservoir. During the course of the above conversation, plaintiff was asked his name and as to the time he would go off duty that day, and in response to these questions, he introduced both himself and his fellow ranger. At trial, plaintiff repeatedly testified that at no time during the conversation did he threaten to arrest the two fishermen. After being advised of the necessity of having fishing licenses issued as above stated, it appears that the two fishermen ceased fishing and left the lake.

Some three hours later plaintiff finished his work shift and reported to a concession area where he was to be relieved by another ranger. After he arrived at the concession area, plaintiff was served with a warrant issued by a justice of the peace in Stringtown, Atoka County, Oklahoma, and was placed under arrest. The constable who made the arrest then took the plaintiff before the justice of the peace in Stringtown. Plaintiff, after being detained some two or three hours, was released after filing an appearance bond in the amount of $500. Plaintiff's fellow ranger was not arrested.

The above warrant of arrest was issued after defendant herein, D. Porter Ray, had signed a complaint alleging that plaintiff had molested and threatened to arrest his son, Fred Ray, and one J. B. Calhoun while they were on the Atoka Reservoir, and, further alleging that such acts on the part of plaintiff were in direct violation of an order entered in case No. 10577, District Court of Atoka County. Fred Ray and Calhoun were the two fishermen who had been on Atoka Reservoir the morning of July 20th, and their encounter with plaintiff, as above related, was the apparent basis of defendant's allegations in the complaint filed with the justice of the peace.

Approximately two weeks later, the complaint against plaintiff was dismissed by the justice of the peace upon the recommendation of the Atoka County Attorney. This recommendation was in the following language:

"It appears to me this prosecution is mostly based on alleged violation of the rights of Mr. Ray on the Lake.

"There has been a law suit in the District Court here involving this matter, and a restraining order was resorted to. It is the belief of the County Attorney that whatever rights are claimed same can be and should be litigated in the District Court. I cannot believe it is a proper procedure to jump on working men who are working for wages. True

some words passed, as I understand it, but there was no violence and I can't see anything to call for criminal proceedings.

"Therefore, the undersigned county attorney declines to O.K. the complaint herein, and hereby dismisses this prosecution.

"/s/W. H. Parker
County Attorney."

Subsequent to the dismissal of the complaint filed against him, plaintiff commenced the action below for malicious prosecution, alleging that defendant had wilfully and maliciously, and without probable cause, instituted the criminal proceedings in the Stringtown justice of the peace court, which were dismissed as above stated. In his petition commencing such action, plaintiff sought to recover attorney fees in the amount of $250.00 allegedly incurred by him in defending the criminal proceedings, damages for loss of health, physical and mental suffering and for injury to his business and reputation, and a certain amount as punitive damages. Defendant answered by general denial.

At trial, plaintiff, in addition to testifying concerning the above described encounter with the two fishermen, introduced copies of newspapers from both Atoka and Oklahoma City in which were printed articles concerning his arrest. He also testified that he had personally heard a report of his arrest on one radio station. Plaintiff stated that from this publicity, he was asked on numerous occasions to explain the circumstances of his arrest. There was no evidence introduced indicating that plaintiff suffered any loss of earnings or injury to his employment.

At the close of plaintiff's evidence, defendant demurred thereto, and the demurrer was sustained. From the comments made by the trial judge at the time he sustained the demurrer it appears that the basis for such holding was that plaintiff had failed to prove any damages.

From the judgment sustaining defendant's demurrer and from an order over-

ruling motion for new trial, plaintiff appeals.

In Towne v. Martin, 196 Okl. 510, 166 P.2d 98, we stated the essential elements necessary to establish an action for malicious prosecution. These are (1), the bringing of an action against plaintiff, (2), its successful termination in favor of plaintiff, (3), lack of probable cause in instituting the action against plaintiff, (4), malice on the part of defendant, and (5), damages. As the court below apparently based its judgment on the element of damages, we shall first discuss this aspect of the action on appeal here.

■ Although it is true that we have enumerated damages as one of the essential elements to be proved, we have also held that in malicious prosecution actions, a "plaintiff may recover for injuries such as mental or emotional distress and injury to reputation which necessarily result from such wrongful acts without specific proof that same have resulted in such harm." Drakos v. Jones, 189 Okl. 593, 118 P.2d 388, 391. As support for this last quoted statement, we cited, among other authorities, Restatement of the Law, Torts, § 670. This section of the Restatement clearly states that if a plaintiff has established the essential elements of a malicious prosecution action, then he is entitled, *without further proof,* to recover damages for injury to reputation and distress which result from the initiation of such criminal prosecution.

■ In our opinion the above authorities are not in conflict. In our view, when plaintiff seeks specific damages, e.g., loss of profits or earnings from a business or profession, such damages must be established by proof. On the other hand, general damages for injury to reputation and emotional or mental distress, the precise amount of which by their very nature is almost impossible of proof and which damages almost certainly result if one has been maliciously prosecuted, may be awarded if plaintiff has established the other essential elements of an action for malicious prose-

cution. We recognize that the amount of such damages for injury to reputation and for distress will be determined, at least in major part, by the gravity of the offense charged and the publicity given the prosecution of plaintiff. For a statement of the rules relative to general and special damages and a discussion thereof, see Restatement, supra, §§ 670, 671.

Therefore, as it is our opinion plaintiff was not required to present specific proof as to amounts of any damages for injury to reputation and for emotional distress if he otherwise proved his cause of action, we next turn to the question of whether plaintiff's evidence did establish the other four essential elements of a malicious prosecution action.

From the record herein, we believe it is clear that plaintiff has established the first two elements of his cause of action, i.e., that defendant instituted the criminal proceeding against him and that such action was successfully terminated in favor of plaintiff. This leads us to a discussion of the third element, probable cause.

We have held that probable cause exists "if the known facts and circumstances are such as to justify a man of prudence and caution in believing that the offense has been committed." Moore v. York, Okl., 371 P.2d 469, 471.

■ In the instant case, it appears from the evidence adduced by plaintiff that the alleged offense of which he is charged did not occur in the presence of the defendant; that defendant, within three hours of the incident, appeared before a justice of the peace and filed a complaint against plaintiff; and that, immediately thereafter, plaintiff was arrested. Further, the complaint filed by defendant herein charges plaintiff with violating an order of the district court. Although this order (restraining the City of Oklahoma City and its agents) is not before us in the record on appeal, and as both parties state in briefs was not even entered until some eleven (11) months later, it is our opinion that even assuming that plaintiff did violate an

order of a district court, such violation, being outside the presence of the court and in disobedience of an order directed to the parties thereto, was an indirect contempt, civil in nature, and would not constitute a criminal offense. Morgan v. Nat. Bank of Commerce of Shawnee, 90 Okl. 280, 217 P. 388; Townsend v. Townsend, 174 Okl. 185, 50 P.2d 147.

Although we have found no decision of this Court on the precise point, some authorities, seemingly a majority, hold that a mistake of law (as the defendant herein apparently made) establishes lack of probable cause. See Restatement of the Law, Torts, § 662(b), and Dunn v. Alabama Oil & Gas Co., 42 Tenn.App. 108, 299 S.W.2d 25. Other authorities hold that such a mistake does not preclude probable cause if under the circumstances such mistake was reasonable for the particular individual. Prosser, Torts, (3rd Ed.) § 113, p. 861.

We do not find it necessary herein to choose between these two lines of authority relative to mistakes of law. In our opinion, the facts that the incident occurred out of the presence of defendant and that he hastily filed a complaint against defendant, without having conferred, insofar as this record presently shows, with an attorney to determine whether a criminal offense had been committed, and the further fact that the county attorney dismissed the purported complaint against plaintiff, indicate that a man of prudence and caution would not be justified in believing a criminal offense had been committed and tend to establish that defendant lacked probable cause to institute the criminal proceeding against plaintiff.

Malice, the fourth element necessary to establish a malicious prosecution action, requires no discussion herein as it may be inferred or implied where the evidence establishes a lack of probable cause. Moore v. York, supra.

From the record before us, it is our opinion that plaintiff's evidence establishes his cause of action and that the trial court erred in sustaining defendant's demurrer thereto.

Judgment reversed and cause remanded for new trial with directions to the trial court to proceed in a manner not inconsistent with the views expressed herein.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.