456 P.2d 882

Gordon SWEITZER, Plaintiff-Appellee,

v.

Willie SANCHEZ, Eloy A. Martinez and Western Surety Company, a corporation, Defendants-Appellants.

No. 308.

Court of Appeals of New Mexico.

June 20, 1969.

J. E. Gallegos, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendants-appellants.

Charles D. Olmsted, Stephenson, Campbell & Olmsted, Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The trial court determined that Defendant Sanchez maliciously prosecuted the plaintiff. Sanchez does not attack this ruling. His appeal is concerned with the compensatory and exemplary damages awarded to the plaintiff. Sanchez contends these damages are excessive and should be set aside.

*Compensatory damages.*

■ The trial court awarded special damages of $235.74. This is the amount of the attorney fees plaintiff incurred in defending the criminal proceeding instigated against him by Sanchez. There is no claim that this award was improper.

The trial court awarded an additional $3,000.00 as compensatory damages. Sanchez asserts this award is excessive. Excessiveness is determined by:

"* * * (1) whether the evidence, viewed in the light most favorable to plaintiff, substantially supports the award and (2) whether there is an indication of passion, prejudice, partiality, sympathy, undue influence or a mistaken measure of damages on the part of the fact finder."

Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Chavez v. Atchison, Topeka & Santa Fe Ry., 77 N.M. 346, 423 P.2d 34 (1967); Maisel v. Wholesome Dairy, Inc., 79 N.M. 310, 442 P.2d 800 (Ct.App.1968).

■ Sanchez claims the trial court exhibited partiality and sympathy "* * * against the defendant, Sanchez. * * *" This claim is based on the trial court's denial of his request to invoke the rule for the exclusion of witnesses. "* * * [I]t is within the discretion of the court as to whether or not it will exclude witnesses from the courtroom during the trial * * *." State v. Curry, 27 N.M. 205, 199 P. 367 (1921); see State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961). The trial court refused to exclude witnesses because "* * * of the nature of the case, * * *". We cannot determine from the record that this ruling was an abuse of discretion. Nor can we say, as a matter of law, that the ruling indicates the trial court was partial to or in sympathy with the plaintiff.

■ Sanchez asserts the award resulted either from prejudice or application of the wrong measure of damages. He supports this view by comparing the award with awards made in other cases. Such a comparison is improper. Maisel v. Wholesome Dairy, Inc., supra. "* * * What this court may have done in other cases, or what courts of other jurisdictions may have decided in cases involving similar injuries, is of no consequence. * * *" Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419 (1964). The reason that such comparisons are improper is that the question of prejudice and the question of the measure of damages must be determined from the evidence in this case.

■ There is nothing in the record from which we can say, as a matter of law, that the trial court was prejudiced against the defendant Sanchez. As to the measure of damages, the trial court found:

"Plaintiff was publicly arrested, photographed, fingerprinted, incarcerated with convicted prisoners, and has suffered acute and public embarrassment and humiliation and emotional distress."

■ We are not concerned here with specific damages resulting from the malicious prosecution. See Bokum v. Elkins, 67 N.M. 324, 355 P.2d 137 (1960). Our concern is with general damages. Plaintiff may recover general damages for injury to reputation and for emotional distress. Gandy v. Palmer, 251 Miss. 398, 169 So.2d 819 (1964); Board of Ed. of Miami Trace Local Sch. Dist. v. Marting, 7 Ohio Misc.

64, 217 N.E.2d 712 (1966); Browning v. Ray, 440 P.2d 721 (Okl.1968). See also Woods v. Standard Personal Loan Plan, Inc., 420 S.W.2d 380 (Mo.App.1967).

Sanchez instigated criminal proceedings against plaintiff with the result that plaintiff was arrested. The bare fact of arrest, in itself, is damage to reputation. See Nelson v. Hill, 30 N.M. 288, 232 P. 526 (1924); Woods v. Standard Personal Loan Plan, Inc., supra. The finding as to the arrest was not a mistake as to the basis for measuring damages.

The trial court found that plaintiff suffered embarrassment, humiliation and emotional distress. Embarrassment and humiliation are emotional distress. See Rest. Torts 2d § 46j (1965); compare Board of Ed. of Miami Trace Local Sch. Dist. v. Marting, supra, with Browning v. Ray, supra. Although there is some duplication in the trial court's finding, nevertheless, the finding as to emotional distress was not a mistake as to the basis for measuring damages.

The findings as to arrest (damage to reputation) and emotional distress support an award of general compensatory damages. Browning v. Ray, supra, states the *amount* of such damages is largely determined "* * * by the gravity of the offense charged and the publicity given the prosecution of plaintiff. * * *" Compare Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609 (1952); Nelson v. Hill, supra. There is no evidence as to the publicity given the prosecution of plaintiff. The offense charged was assault. This offense is a petty misdemeanor. Section 40A–3–1, N.M.S.A. 1953 (Repl.Vol. 6). Thus, there is a plausibility to Sanchez' contention— that there is no substantial evidence to support the *amount* of the compensatory damages awarded.

The trial court did not base its award on the gravity of the offense or on the publicity given the prosecution of plaintiff. The award is based on the arrest, jailing and acute emotional distress. The arrest and jailing is the only evidence indicating a damage to reputation. What, however, is the evidence from which it was found that plaintiff's emotional distress was acute?

While chairing a committee meeting at the place of his employment, plaintiff was called out of the meeting and arrested. He was allowed to reenter the meeting to explain his reason for leaving—that he had been arrested and was going to jail. He was taken to jail where he was booked. This consisted of taking away items of personal property, including his necktie. He was photographed and fingerprinted. After booking was completed, he was allowed to telephone his attorney. He was then jailed until bond was posted on his behalf. This was some two hours later.

When arrested, the deputy had shown plaintiff a criminal complaint signed by Sanchez. Other than this, he did not know what had occasioned his arrest. Plaintiff did, however, relate the arrest to a prior threat of Sanchez to the effect "* * * that he was going to get me, * * *". Plaintiff had never been arrested before; throughout the affair he was frightened and distressed.

When he returned to work the next day, plaintiff "* * * didn't know how to act. I mean, it was a completely disconcerting experience, * * * a very trying experience."

According to plaintiff, the distress has continued. In the job that he then held (head of the Right-of-Way Section at the Highway Department) "* * * it is absolutely necessary that I not be involved in anything of this * * * nature, * *". "* * * I don't know, I still don't know how you go home and tell your kids that you have been in jail, that you have been arrested. I still haven't found a way to do that, nor do I know how you tell friends, particularly I don't know how you tell employers or prospective employers. * *"

"* * * It is common knowledge that applicants for jobs are frequently asked if they have ever been arrested and, if so,

for what. * * *" Gandy v. Palmer, supra.

■ The evidence of acute emotional distress came from plaintiff. It was the trial court's function to judge plaintiff's credibility and determine the weight to be given his testimony. Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968). The trial court performed that function; it found that plaintiff suffered acute emotional distress. The foregoing evidence is substantial and supports that finding.

Plaintiff suffered damage from his arrest, jailing and his acute emotional distress. The precise amount of this damage is " * * * almost impossible of proof. * * *" Browning v. Ray, supra. This type of damage is similar to damage for pain and suffering, for which no standard is fixed by law. See Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967). Damages awarded for pain and suffering will not be held excessive except in extreme cases. See Lujan v. Reed, supra. The same rule applies to an award of damages in an action for malicious prosecution. Annot. 35 A.L. R.2d 308, 310 (1954) states:

> "In actions for malicious prosecutions, as in other tort actions, the courts appear to be in substantial agreement in holding that the amount of damages to be allowed is primarily a question for the jury, with which the courts, and especially the appellate courts, should interfere only reluctantly and in extreme cases. * * *"

Because there is no standard by which damage from emotional distress may be measured and because plaintiff's emotional distress was acute, we cannot say the award of $3,000.00 as general compensatory damages is an extreme case justifying a ruling that the award is excessive as a matter of law. Compare Lujan v. Reed, supra.

*Exemplary damages.*

■ The trial court awarded exemplary damages of $3,000.00. Sanchez contends that no exemplary damages should have

been awarded and alternatively, that the award is excessive.

Montoya v. Moore, 77 N.M. 326, 422 P.2d 363 (1967) states:

> " * * * [P]unitive damages are inflicted for the limited purpose of punishment and only when compensatory damages seem inadequate to satisfy the wrong committed. * * *"

In Castro v. Bass, 74 N.M. 254, 392 P.2d 668 (1964), it is stated:

> " * * * [W]hen damages are sought and recovered from the tortfeasor, the amount of the recovery is for the full loss or detriment suffered by the injured party and makes him financially whole. * * *"

The contention that no exemplary damages should have been awarded is based on reading the *Castro* quotation into the *Montoya* quotation. Sanchez asserts that compensatory damages make the plaintiff "financially whole" therefore the compensatory damages are adequate to satisfy the wrong committed. On this basis, Sanchez argues that it was error to award exemplary damages. This contention is incorrect.

The measure of compensatory damages is a sum which will compensate the injured person for the loss sustained. See Industrial Supply Co. v. Goen, 58 N.M. 738, 276 P.2d 509 (1954). " * * * [E]xemplary damages are assessed to punish the defendant and not to compensate for a loss by plaintiff, and to that extent they are separate and distinct from compensatory damages, * * *". Sanchez v. Dale Bellamah Homes of New Mexico, Inc., 76 N.M. 526, 417 P.2d 25 (1966). Exemplary damages, as punishment, are imposed because of the enormity of the offense. Colbert v. Journal Publishing Co., 19 N.M. 156, 142 P. 146 (1914). Thus, compensatory damages may be inadequate to satisfy the wrong because of the nature of the offense committed by defendant. Instead of stating a new rule concerning exemplary damages, Montoya v. Moore, supra, is a reiteration of existing rules—

**412**

that there may be recovery of both compensatory and exemplary damages. In *Montoya* there was an award of both types of damage.

Since Sanchez' prosecution of plaintiff was malicious, there is a basis for an award of exemplary damages. See Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966). Is the $3,000.00 amount excessive?

Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713 (1954) states:

"* * * [T]hat the amount of punitive damages must be left to the jury's sound discretion based on the circumstances of each individual case, but must not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason and justice. * * *"

See Montoya v. Moore, supra.

Here, the amount of the exemplary damages is left to the "sound discretion" of the trial court as the fact finder. This amount is to be based on the circumstances of the case, that is, the enormity of the offense, Colbert v. Journal Publishing Co., supra, or "* * * the nature of the wrong committed and such aggravating circumstances as may be shown. * * *" Woods v. Standard Personal Loan Plan, Inc., supra.

What were the circumstances here? Sanchez instigated criminal proceedings against plaintiff without probable cause. The proceedings were not instigated in good faith. The proceedings were inspired and motivated by the malice of Sanchez toward plaintiff for the "* * * purposes of punishing plaintiff and to exact personal vengeance." These circumstances are taken from the unattacked findings of the trial court.

We cannot say, as a matter of law, that the trial court abused its discretion in awarding $3,000.00 exemplary damages in the above circumstances. Nor are the exemplary damages so unrelated to plaintiff's arrest, jailing and acute emotional distress as to plainly manifest passion and prejudice.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.