[No. 3364. March 16, 1929.]

BAYS v. ALBUQUERQUE NAT. BANK.

[275 Pac. 769.]

Simms & Botts, of Albuquerque, for appellant.

Keith W. Edwards, of Ft. Sumner, for appellee.

OPINION OF THE COURT

PARKER, J. A motion to dismiss the appeal is filed upon the alleged ground that no question was raised and preserved in the lower court. Judgment was rendered on March 13, 1928. At that time there had been adopted and promulgated by this court, effective as of March 1, 1928, a set of rules, section 1 of rule XII whereof provided:

"1. None but jurisdictional questions shall be first raised in the Supreme Court. Formal exceptions shall not be required in any case; but to preserve the question for review, it must appear that a ruling or decision by the trial court was fairly invoked."

This exemplifies the attitude of this court towards the preservation of error in the courts below. It disregards form and relies upon substance, and merely requires that a question be fairly presented to the court and a ruling invoked. The specific application of this rule, however, to this case, is prevented by a provision in the order adopting and promulgating this set of rules, provided that section 1 of rule XII shall not be applied to any cases pending in the district court prior to the effective date of said rules. The proposition here involved is controlled, therefore, by the appellate procedure statutes in force prior to the time of the judgment. The older statute is compiled as section 4506, Code 1915. This section was re-enacted as section 37, of chapter 43, Laws 1917, and was continued in force until the passage of chapter 93, Laws 1927, which repealed the same.

Chapter 43, Laws 1917, however, contains a provision in section 43 of that act which remains unrepealed, and which authorizes this court to adopt rules for appellate procedure. It is under the authority of this section that this court adopted and promulgated the set of rules heretofore mentioned. This chapter 93, Laws 1927, was approved March 14, 1927, and went into effect 90 days after the adjournment of the Legislature, but, as provided in section 12 of the act, did not apply to or affect any case in any court at the date of the approval of the act. The complaint in this case was filed June 5, 1927, and at that time 85 days only had elapsed after the adjournment of the Legislature, which was on March 12, 1927. The repeal of section 37, chapter 43, Laws 1917, had not become effective, therefore, when this action was commenced, and said section was, therefore, still the law of the case by reason of the provisions of section 34 of article 4 of the state Constitution. Hudson v. Phillips, 29 N. M. 101, 218 P. 787.

This case was tried by the court without a jury, in which class of cases section 37 of chapter 43, Laws 1917,

expressly dispense with the necessity of formal exception. The court below made no findings of fact or conclusions of law, save one to the effect that the defendant was, under the facts, about which there was no dispute on the part of appellant, liable to the appellee. To this conclusion appellant duly excepted. The sole question before the district court was whether it should award judgment for the plaintiff or in favor of the defendant under the undisputed facts. No other controversy was presented in the case. The district court was by the exception of appellant thus advised that the claim of appellant was, under the admitted facts, that it was not liable to appellee as a matter of law. This was all that was required of appellant to preserve for review here the alleged error.

It follows that the motion to dismiss the appeal should be denied; and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.