[No. 3409. April 8, 1930.]

COOPER v. SOVEREIGN CAMP, W. O. W.

[287 Pac. 286.]

Thos. J. Mabry, of Albuquerque, for appellant.

H. B. Jamison, of Albuquerque, for appellee.

OPINION OF THE COURT

SIMMS, J.

This appeal involves the question of whether or not the Sovereign Camp of the Woodmen of the World, a fraternal benefit association, is legally liable upon a certificate of insurance issued to one of its members.

There is little dispute about the facts of the case. The contract allowed the deceased, as the insured, the whole of the month of January, 1927, to make payment of the installment payment for that month which was due on the first day of that month, and provided that in event the payment was not made, the policy should be void. He was taken sick on January 26th, became unconscious in a day or two, and died February 3d, or three days after his policy by its terms had lapsed.' The trial court found that payment for January had not been made, as required by the terms of the policy, but held that as a matter of law the Sovereign Camp had waived the forfeiture of the policy by sending the mother of the deceased, who was named beneficiary, a blank for proof of his death, in response to a telegram from her advising the Sovereign Camp that he had died.

After the plaintiff had introduced the policy and proved the death of the insured, the court ruled that the association had the burden of proving nonpayment of dues. That proof was made, and the court found accordingly. Thereupon the burden of proving waiver shifted to the plaintiff. 45 Corpus Juris, "Mutual Benefit Insurance," p. 309.

The proof showed that some time after insured's death, which occurred on February 3d, his mother sent a

telegram to the Sovereign Camp at Omaha, of which he was a member. The telegram is not in evidence. Whether it stated the date of his death, or simply the fact thereof, we do not know, nor could the trial court say. On February 9, 1927, the following letter was sent to the mother:

"Omaha, Neb., Feb. 9, 1927.

"Mrs. Eva A. Cooper, Albuquerque, N. M.

"Dear Madam: We are in receipt of your telegram notifying us of the death of the late A. H. Williams, a former member of Camp OO, located at Omaha, Nebraska, who died recently and enclose herewith a blank notice of death which you will kindly have executed giving cause and full particulars of death and return to this office.

Fraternally yours,

"Claim Department
"By J. M. Sturdevant."

Just what kind of a blank was inclosed with the letter, to be executed by the beneficiary, is not shown by the testimony. Whether it was a preliminary statement designed to show the date and cause of death in order to permit the Sovereign Camp to decide whether to require further and more detailed statements from beneficiary, doctor, minister, and undertaker, or whether it was sufficient for final proof as to all necessary facts, neither the trial court could nor can we say. Does such a state of facts meet and discharge the burden of proof of waiver? We think not.

Appellee says we have held that very slight evidence will suffice to support a finding that a waiver of the right of forfeiture for nonpayment of premium has occurred. Martin v. New York Life Ins. Co., 30 N. M. 407, 234 P. 673, 40 A. L. R. 406. That case involved an insurance policy, under which the insured sent his check for the premium in time and received his receipt, but the check was dishonored when presented at the bank. The case turned on the question of whether or not the company had accepted the check in payment, or merely for collection. We held that there was a question for the jury. But here we have a state of facts, admitted, which raises a question of law only. There is no claim that the Sovereign Camp knew the date of the death of the insured, or at least there is no proof of it, and yet we are asked to hold

that by sending out a blank to get information necessary to an intelligent consideration of the claim, the association admits liability. If such were the law, insurance companies would have to refuse to assist claimants in making proof and would be forced to obstruct and resist the making of it, or pay every and any claim which could be made against them. The doctrine of waiver by requiring proof is founded upon the fundamental assumption that the insurer had knowledge of the facts which would give it a right to contest, and, notwithstanding such knowledge, elected to require the beneficiary to go to the trouble and expense of making proof. Where there is a want of knowledge, waiver does not follow. 45 Corpus Juris, "Mutual Benefit Insurance," p. 164. Since the plaintiff below did not prove that the association or its officers in Omaha knew that the insured died three days after his policy had lapsed, at the time they mailed the blank in response to the telegram, there was no waiver shown, and the court erred in so holding.

■ Appellee urges that a general exception to the findings and judgment of the lower court is not sufficient to present any question for review here. We have held that it presents a question of law as to the sufficiency of the facts found to support the judgment. Bays v. Albuquerque National Bank, 34 N. M. 656, 275 P. 769.

It follows that the judgment should be reversed, and the cause should be remanded, with directions to enter judgment for the appellant, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.