2003-NMCA-049

64 P.3d 518

**Jerry DEAN, Carla Dean Gallipoli, Individually and as Trustee under the Revocable Trust, Bobby Lee Dean and James Lee Dean, Plaintiffs–Appellants,**

v.

**PALADIN EXPLORATION COMPANY, INC., Dawson Geophysical Company, and Perry & Perry, Inc., Defendants–Appellees.**

No. 22,595.

Court of Appeals of New Mexico.

Jan. 15, 2003.

Michael T. Newell, Heidel, Samberson, Newell, Cox & McMahon Lovington, NM, for Appellants.

Scotty Holloman, Lee A. Kirksey, Maddox & Holloman, P.C., Hobbs, NM, for Appellees.

## OPINION

WECHSLER, Chief Judge.

{1} Plaintiffs filed suit against Defendants, seeking compensation for damages resulting from seismic operations conducted by Defendants on Plaintiffs' property. Prior to trial, Defendants filed a motion to exclude evidence, seeking to preclude the introduction of any evidence related to "any payments made to Plaintiffs or any other person or entity for seismograph operations conducted upon any of Plaintiffs' property." Defendants contemporaneously filed a motion for summary judgment. As grounds for that motion, Defendants asserted that they were not contractually obligated to pay any fees to Plaintiffs for seismic operations conducted on Plaintiffs' property. Defendants also argued that no genuine issue of material fact existed with regard to Plaintiffs' claims for damages.

{2} After hearing, the district court granted both motions. The court excluded evidence of any prior payments made to Plaintiffs for other seismograph activities on their land and of any "going rate" for payments made by seismograph companies to other holders of surface estates in the area. In addition, the court dismissed Plaintiffs' complaint for failure to show damage to the surface estate "by reason of any unreasonable, excessive, or negligent use of the surface estate of the property." Plaintiffs appeal from both orders.

*Background*

{3} Plaintiffs own a surface estate in multiple sections of ranch land located in Lea County. The mineral rights to those sections were retained by the State of New Mexico. In 1993 and 1994, Defendant Perry & Perry, Inc. (Perry) obtained the authority to conduct geophysical operations on Plaintiffs' land pursuant to certain seismic permits and statutory mineral leases issued by the State Land Office. *See* NMSA 1978, § 19–10–4.1 (1985). Perry subsequently assigned those rights to Defendant Paladin Exploration Company (Paladin), which in turn contracted with Defendant Dawson Geographical Company (Dawson) to conduct 3–D seismic surveys on Plaintiffs' property. Dawson commenced seismic explorations in the fall of 1994.

{4} In their complaint, Plaintiffs allege that they incurred property damage as a result of Dawson's 3–D seismic exploration. In deposition testimony, Plaintiff Jerry Dean specified that vibrations from Defendants' equipment created cracks in the plaster of his residence and that Defendants' trucks made tracks or trails on his property and caused the grass to become covered with dust. He further stated that when the State leases its mineral rights to a private entity, it is common practice in Lea County for the mineral lessee to reimburse the owner of the surface estate for any property damage incurred. In support of this assertion, Plaintiff Jerry Dean claimed that the "going rate" for damage to property in such situations is $10 per acre.

{5} Prior to trial, Defendants moved to exclude evidence of any payments made either to Plaintiffs or to other surface estate owners as compensation for damage incurred during seismic exploration. The district court granted Defendants' motion, noting that because the oil and gas leases issued by the State Land Office require proof of actual damages, evidence of prior payments to Plaintiffs or of any "going rate" of compensation for damage to the surface estate was not relevant.

{6} In addition, Defendants moved for summary judgment, arguing that Plaintiffs

had raised no genuine issue of material fact with regard to actual damages. Alternatively, Defendants asserted that even if Plaintiffs had raised a factual issue as to actual damages, Defendants could not be held liable because any damages were not the result of "unreasonable, excessive or negligent use of the surface estate" as required by *Amoco Production Co. v. Carter Farms Co.*, 103 N.M. 117, 120 703 P.2d 894, 897 (1985). In response to Defendants' motion for summary judgment, Plaintiffs argued that the *Amoco* requirement of "unreasonable, excessive or negligent use" was inapplicable because that case dealt with a mineral lease that did not contain a provision mandating the complete restoration of the surface estate. By contrast, the statutory leases used in this case expressly provided for compensation by the mineral lessee for damage caused by its operations. Section 19–10–4.1. Thus, Plaintiffs claimed that pursuant to *Tidewater Associated Oil Co. v. Shipp*, 59 N.M. 37, 42, 278 P.2d 571, 574–75 (1954), they should not be required to establish proof of Defendants' negligence in order to recover actual damages.

{7} Following a hearing on the issue, the district court granted summary judgment for Defendants, finding that Plaintiffs had failed to show any damage to the surface estate "by reason of any unreasonable, excessive, or negligent use of the surface estate of the property." In so holding, the district court determined that it was "bound" by *Amoco* and that Plaintiffs were required to show negligence on the part of Defendants in order to recover actual damages.

### Exclusion of Evidence

■ {8} The admission or exclusion of evidence is within the discretion of the district court. *State v. Worley*, 100 N.M. 720, 723, 676 P.2d 247, 250 (1984). Absent a clear abuse of that discretion, evidentiary rulings will not be disturbed. *Id.* A court abuses its discretion when a ruling is clearly against the logic and effect of the facts and circumstances of the case. *State v. Stanley*, 2001–NMSC–037, ¶ 5, 131 N.M. 368, 37 P.3d 85.

{9} The district court excluded both evidence of any prior payments to Plaintiffs for damages incurred during previous seismic explorations and evidence of any "going rate" of compensation for damage to other surface estates in the area. Because the statutory mineral leases used by the parties require proof of actual damages, the court determined that evidence of the "going rate" of compensation was not relevant to the case. Plaintiffs argue that this evidentiary ruling was an abuse of discretion. We do not agree.

{10} Although other surface estate owners may have received payments from mineral lessees in the past, those payments could have been made for any number of reasons. For example, oil and gas companies could have paid money to promote goodwill within the community or to discourage future suits by owners of the surface estates. Because Plaintiffs are required by the terms of Defendants' statutory oil and gas leases to prove actual damage to the specific property at issue, without linkage of those prior payments to actual damages, the district court's ruling was not clearly against the logic and effect of the facts and circumstances of the case. *Stanley*, 2001–NMSC–037, ¶ 5, 131 N.M. 368, 37 P.3d 85. Therefore, the district court did not abuse its discretion in ordering the exclusion of evidence related to prior payments to Plaintiffs or to the "going rate" of compensation to other owners of surface estates in the area.

### Application of the Amoco Standard

■ {11} Plaintiffs contend that the district court erred when it required them to prove, pursuant to *Amoco*, 103 N.M. at 120, 703 P.2d at 897, that Defendants' use of the surface estate was "unreasonable, excessive, or negligent." They argue that the applicable standard for recovery of actual damages is found in *Tidewater*, 59 N.M. at 42, 278 P.2d at 574–75, and that they were not required to show negligence or excessive use on the part of the mineral lessee in order to recover damages. Defendants argue that *Amoco* effectively overruled *Tidewater*, such that the holder of a mineral lease is not required to pay damages to a surface estate owner unless its use of the surface estate was unreasonable. At the hearing on Defendants' motion for summary judgment, the

district court determined that it was "bound" by *Amoco* and dismissed Plaintiffs' case for failure to show any "unreasonable, excessive or negligent use" by Defendants.

{12} In *Tidewater*, our Supreme Court rejected the mineral lessee's contention that the holder of a grazing lease could not recover for damage to his grass, livestock, or crops in the absence of proof of negligence or excessive use. *Tidewater*, 59 N.M. at 42, 278 P.2d at 574–75. Relying on the fact that the statutory oil and gas lease executed by the parties and their predecessors expressly provided that the mineral lessee would be held liable for any damage to the surface estate, the Court ruled that the holder of the grazing lease was entitled to recover reasonable damages. *Id.*

{13} By contrast, in *Amoco*, the oil and gas lease executed by the parties did not contain an express provision for the payment of actual damages to the owner of the surface estate. *Amoco*, 103 N.M. at 120, 703 P.2d at 897. Accordingly, our Supreme Court refused to impose on the mineral lessee an implied contractual duty to completely restore the surface estate following the cessation of drilling operations. *Id.* Rather, the Court determined that, in the absence of any "unreasonable, excessive or negligent" use of the property by the mineral lessee, the surface owner would be unable to recover actual damages. *Id.*

{14} Because the *Amoco* lease did not contain an express provision for the payment of damages to the holder of the surface estate, we do not read *Amoco* to effectively overrule *Tidewater*, as Defendants argue. Paragraph Eleven of the statutory oil and gas lease form used by the parties expressly provides that the "[l]essee shall be liable and agree to pay for all damages to the range, livestock, growing crops or improvements caused by lessee's operations on said lands." Section 19-10-4.1. Defendants do not argue that Plaintiffs were not entitled to benefit from this provision of the lease. Unlike the court in *Amoco*, the district court in this case was not called upon to imply any contractual provisions regarding the payment of actual damages to the owner of the surface estate. Rather, the district court was requested to enforce an existing term within a statutory lease. *See Tidewater*, 59 N.M. at 42, 278 P.2d at 574–75. Such lease terms are generally given effect, and the mineral lessee may be liable for damages without regard to negligence. *See* 4 Howard R. Williams & Charles J. Meyers, *Oil and Gas Law* § 673.6 (2001). As a result, the district court applied the incorrect legal standard when granting summary judgment in favor of Defendants. Nevertheless, reversal is warranted only if we determine that Plaintiffs raised a genuine issue of material fact with regard to actual damages.

*Entry of Summary Judgment*

{15} When reviewing an order awarding summary judgment, this Court views the pleadings, affidavits, and depositions presented for and against the motion in the light most favorable to the non-moving party. *Duran v. N.M. Monitored Treatment Program*, 2000–NMCA–023, ¶ 28, 128 N.M. 659, 996 P.2d 922. Summary judgment is foreclosed when the record discloses the existence of a genuine controversy concerning a material issue of fact. *Id.*

{16} Defendants argue that Plaintiffs did not raise a genuine issue of fact with regard to actual damages. In support of this assertion, Defendants cite to Plaintiff Jerry Dean's deposition testimony, in which he acknowledged that Plaintiffs were not prohibited from using their land during the seismic operations, that the seismic work did not interfere with ranching operations, and that no damage to cattle, windmills, or fences was incurred. Defendants also note that Plaintiff Jerry Dean mentioned that there was "dirt flying around" and that trails were made when Defendants' trucks drove across his land, but admitted that such damage was not permanent.

{17} Defendants fail to address Plaintiff Jerry Dean's affidavit, submitted in support of Plaintiffs' response to Defendants' motion for summary judgment. In his affidavit, Plaintiff Jerry Dean stated that his range land was damaged as a result of Defendants' geophysical activities. Specifically, he claimed that the tracks and dust created by Defendants' trucks during the seismic explo-

ration damaged his Blue Gramma grass, thereby reducing its value. In addition, Plaintiff Jerry Dean attested that he had previously sold seed from the Blue Gramma grass to a Texas seed company for approximately $15 per acre. Finally, a receipt from the Texas seed company was attached to the affidavit as evidence of these transactions. Although Defendants assert that evidence of this sale was excluded pursuant to the district court's evidentiary order, it does not appear that the district court actually ruled on the admissibility of this evidence. Rather, the order pertains only to evidence of payment for prior seismographic activity on Plaintiffs' land and to evidence of any "going rate" of compensation.

{18} Defendants appear to argue that the district court's award of summary judgment should be upheld because Plaintiffs failed to present evidence of the "measure of damages." However, there is a recognized distinction between proof of the fact of damages and proof of the amount of damages. *See Ponce v. Butts*, 104 N.M. 280, 287, 720 P.2d 315, 322 (Ct.App.1986) (stating that "[t]he lack of certainty that will prevent a recovery is uncertainty as to the fact of damages and not as to the amount"). The fact that Plaintiffs had yet to set forth evidence of a specific amount of damage was not fatal, particularly given the procedural posture of this case.

{19} The parties' arguments to the district court on summary judgment focused on a discussion of the applicable legal standard rather than on whether a genuine issue of material fact existed as to damages. The district court ultimately applied an incorrect legal standard. We cannot conclude that summary judgment was warranted for reasons not argued to the district court. Summary judgment is generally disfavored and should be used with caution. *Pollock v. State Highway & Transp. Dep't*, 1999–NMCA–083, ¶ 5, 127 N.M. 521, 984 P.2d 768.

*Conclusion*

{20} The district court did not abuse its discretion in excluding evidence of prior payments made to Plaintiffs as compensation for damages caused by previous seismic operations or of the "going rate" of compensation

to other owners of surface estates in the area. However, the district court incorrectly required Plaintiffs to show that any damages suffered were the result of "unreasonable, excessive, or negligent use" of the surface estate by Defendants. Based upon this error and the existence of Plaintiffs' evidence regarding the issue of actual damages, the district court's award of summary judgment was not proper at this stage in the proceedings. Therefore, we reverse and remand to the district court.

{21} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CELIA FOY CASTILLO, Judges.