This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DIANA MORALES-MURILLO, and**
**DELILAH MURILLO,**

Plaintiffs-Appellees,

**v.**                                                                      **No. A-1-CA-35478**

**CITY OF LAS CRUCES, and**
**RICHARD MENDOZA, Individually,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Raul A. Carrillo, Jr.
Karen E. Wootton
Las Cruces, NM

for Appellees

Jennifer Vega-Brown, City Attorney
Robert A. Cabello, Assistant City Attorney
Thomas R.A. Limon, Assistant City Attorney
Las Cruces, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     The City of Las Cruces and Officer Mendoza (collectively, Defendants) raise essentially four issues on appeal. The first issue is whether the district court abused its discretion in ruling on three evidentiary matters: (1) whether the findings of a fleet crash review board report should have been excluded as a subsequent remedial measure; (2) whether the district court erred in admitting evidence of Officer Mendoza's speeding citation received after the subject accident; and (3) whether the district court erred when it excluded evidence of Defendants' pre-trial offer to pay for half of the costs of Plaintiff Diana Morales-Murillo's (Plaintiff Morales-Murillo) customized wheelchair. Defendants remaining issues are that the district court erred in denying their motion for a mistrial, that the special verdict form was incorrect, and that there was insufficient evidence to support the jury's award for future medical expenses. Unpersuaded, we affirm.

## I.     BACKGROUND

{2}     Plaintiff Morales-Murillo and Delilah Murillo (Plaintiff Murillo) (collectively, Plaintiffs) filed their complaint against Defendants alleging that Plaintiffs were injured on November 23, 2013, after being struck by a police cruiser negligently operated by Officer Mendoza, a City of Las Cruces police officer. Defendants filed a counter-claim against Plaintiff Diana Morales-Murillo alleging she was at fault. A jury found

Defendants 100 percent liable and judgment was entered awarding Plaintiffs monetary damages.

{3}	Because this is a memorandum opinion and the parties are familiar with the factual and procedural background, we reserve further discussion of the pertinent facts and procedure within the context of the parties' arguments.

## II.	DISCUSSION

### A.	The Evidentiary Rulings

{4}	Defendants make several arguments regarding the admission or exclusion of evidence by the district court. "Ordinarily, we review an evidentiary ruling of the district court admitting or excluding evidence for an abuse of discretion, while reviewing any interpretation of law underlying the ruling de novo." *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 20, 273 P.3d 867. We will only hold that a district court abused its discretion in admitting or excluding evidence when the decision is clearly untenable, not justified by reason, or clearly against the logic and effect of the facts and circumstances of the case[.]" *State v. Bailey*, 2015-NMCA-102, ¶ 11, 357 P.3d 423.

### 1.	Admission of the Fleet Crash Review Board Findings

{5}	The purpose of the Fleet Crash Review Board (FCRB) was to promote safety, administer driver safety incentives and recognition programs, measure the

effectiveness of the fleet safety program, and ensure employee accountability. Defendants argue the FCRB findings that constituted a subsequent remedial measure should have been excluded under Rule 11-407 NMRA. It is important to point out that Defendants do not direct this Court to any testimony or exhibits in the record to show how, where, or even whether the FCRB findings were introduced into evidence at trial. *See* Rule 12-318(A)(3) NMRA (stating that the brief in chief shall contain a summary of facts relevant to the issue for review, including citations to the record proper, transcript of proceeding, or exhibits supporting each factual representation). The entirety of Defendants' factual citations are to its pre-trial motion to exclude the FCRB findings at trial and the hearing on the motion. It is not the responsibility of this Court to search the record to find the pertinent facts during trial to determine whether the district court abused its discretion in theoretically allowing evidence of the FCRB findings into evidence at trial. *See Totah Drilling Co. v. Abraham*, 1958-NMSC-102, ¶ 11, 64 N.M. 380, 328 P.2d 1083 (stating that the appellate courts will not search the record to find facts with which to overturn the district court's findings); *Montgomery v. Karavas*, 1941-NMSC-020, ¶ 6, 45 N.M. 287, 114 P.2d 776 (declaring that where a party's brief does not cite objectionable testimony the court is unable to determine whether it was prejudicial); *Muse v Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to

4

support generalized arguments."); *Guest v. Berardinelli*, 2008-NMCA-144, ¶ 25, 145 N.M. 186, 195 P.3d 353 (declining to address contentions that lack citation to the record proper). "Upon a . . . deficient record, every presumption is indulged in favor of the correctness and regularity of the [district] court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Williams v. Mann*, 2017-NMCA-012, ¶ 19, 388 P.3d 295 (internal quotation marks and citation omitted). We therefore decline to consider the City's argument that the district court erred in admitting the FCRB's findings.

**2.      Admission of Evidence of Officer Mendoza's Speeding Citation**

{6}      Defendants argue that Officer Mendoza's post-accident speeding citation should have been excluded because it was (1) evidence of prior bad acts; (2) insufficient to establish that Officer Mendoza had a habit or routine of speeding; and (3) irrelevant since it occurred five to six months after the accident at issue. In response, Plaintiffs contend that Defendants put Officer Mendoza's driving ability at issue, specifically his judgment, when he testified about his skill and training as a driver. Plaintiffs further argue that the district court did not abuse its discretion because the speeding ticket went to Officer Mendoza's credibility as it pertained to his conclusions about the cause of the accident, which he based on his experience, training and judgment.

5

**{7}** At the pre-trial hearing, Plaintiffs' counsel represented that he was not sure if he was going to use the speeding citation at trial. Plaintiffs' counsel stated: "I do[ no]t know if I'm going to use it. I think I can establish that this particular officer is a cowboy and has a habit of speeding. I would only offer, after I established that habit, Your Honor, through the officer's own testimony." The district court reserved ruling on the evidence until trial.

**{8}** Plaintiffs briefly elicited testimony from Officer Mendoza regarding a speeding citation on direct examination. Defendants objected based on relevancy, but were overruled by the district court without explanation from the judge or argument from the parties. Both parties concede that Officer Mendoza was cited for speeding after the accident that injured Plaintiffs and the record is devoid of any indication that Officer Mendoza had more than one speeding citation.

**{9}** While Defendants' trial objection was based only on relevancy, they also raised objections based on Rule 11-404 NMRA and Rule 11-406 NMRA in their briefs before the district court and during oral argument at the pre-trial hearing. Because the district court reserved ruling on the evidence until trial, but did not provide a basis for its ruling on Defendants' relevancy objection, we presume that the district court concluded Defendants' objections based on Rule 11-404 and Rule 11-406 were also unwarranted. *See Bays v. Albuquerque Nat'l Bank*, 1929-NMSC-026, ¶ 2, 34 N.M. 20,

6

275 P. 769 (stating that ultimately preservation "merely requires that a question be fairly presented to the court and a ruling invoked").

{10}   Defendants' argument cites to Rule 11-404(B)(1) to explain why a prior bad act, such as a speeding citation, cannot be used to prove Officer Mendoza acted in conformity with the tortious conduct in this matter. Rule 11-404(B) excludes the introduction of *prior* bad acts to show an individual acted in conformity with prior conduct. However, as previously noted, the speeding citation occurred *after* the subject motor vehicle accident and therefore cannot qualify as a "prior" bad act. Nonetheless, other than citing to the rule, Defendants do not develop their argument. Consequently, we have no duty to review it. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

{11}   Next, Defendants argue that the single post-accident speeding citation was insufficient to establish that Officer Mendoza had a habit or routine of speeding, and that the circumstances of the citation and the accident at issue were dissimilar. Rule 11-406 allows the introduction of evidence of a habit to show that a witness acted in accordance with that habit on a particular occasion. "Habit . . . may be proved by testimony in the form of an opinion or by specific instances of conduct sufficient in number to warrant a finding that the habit existed[.]" Rule 11-406(B). As a practical

matter, the one speeding citation could not show that Officer Mendoza had a habit of speeding at the time the accident occurred with Plaintiffs for two reasons: (1) he received the speeding citation after the subject accident, *see DeMatteo v. Simon*, 1991-NMCA-027, ¶ 4, 112 N.M. 112, 812 P.2d 361 ("Subsequent conduct . . . is not relevant to show habit."); and (2) because it was only a single instance of speeding. *See State v. Ross*, 1975-NMCA-056, ¶ 13, 88 N.M. 1, 536 P.2d 265 (stating that only one instance of an arguably similar incident does not satisfy the sufficient in number requirement of Rule 11-406, as that rule contemplates the introduction of evidence concerning sufficient instances of routine practice to warrant a finding that the practice was routine").

{12}    Having rejected Defendants' argument under Rules 11-404 and 11-406, we now consider whether the post-accident speeding citation is otherwise relevant evidence in this matter, pursuant to Rule 11-402 NMRA. Defendants argue that the accident at issue involved Officer Mendoza traveling between 50-55 miles per hour in a 35 mile-per-hour speed zone, with lights and sirens running while responding to an armed robbery dispatch. Whereas, the post-accident speeding citation issued to Officer Mendoza was for traveling 90 miles per hour in a 75 mile-per-hour speed zone while driving back on the highway from vacation to Las Cruces. Absent evidence tending to show that other than speeding, the driving conditions at the time of the accident,

8

within the city and while he was on duty, and the driving conditions while highway driving and while he was off-duty were similar, we cannot hold that the post-accident citation was relevant.

**{13}** Plaintiffs argue that the district court did not abuse its discretion because Defendants put Officer Mendoza's judgment at issue during the course of the trial when he testified that, but for a second vehicle, he could have avoided the accident. Thus, the speeding citation was relevant to Officer Mendoza's judgment and his perception of his driving ability on the date of the accident. On appeal, Plaintiffs have articulated a new explanation for the relevance of the speeding citation that is contrary to what was argued by the Plaintiffs in the district court. "Generally, a [Plaintiff] has no duty to preserve issues for review and may advance any ground for affirmance on appeal." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 (internal quotation marks and citation omitted).

**{14}** Plaintiffs do not fully develop this new argument, citing no legal authority in support of their argument.**[AB 10-12]***See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Absent authority, we are not convinced of the relevance of a post-accident single speeding citation.

{15} We therefore hold that the district court abused its discretion in admitting the post-accident speeding citation into evidence. Even though we hold that the district court abused its discretion, we must still determine whether the district court's ruling is prejudicial before reversal can be considered. *See Leigh v. Vill. of Los Lunas*, 2005-NMCA-025, ¶ 19, 137 N.M. 119, 108 P.3d 525. "In civil litigation, error is not grounds for setting aside a verdict unless it is inconsistent with substantial justice or affects the substantial rights of the parties." *Kennedy v. Dexter Consol. Sch.*, 2000-NMSC-025, ¶ 26, 129 N.M. 436, 10 P.3d 115 (internal quotation marks and citation omitted). "An error is harmless unless the complaining party can show that it created prejudice." *Id.* Defendants fail to explain how they were prejudiced by the admission of Officer Mendoza's testimony about the speeding citation and we decline to make the argument for them. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments."). There was enough other evidence in the record the jury could have considered that would support the verdict. *See ERICA, Inc. v. N.M. Regulation & Licensing Dep't*, 2008-NMCA-065, ¶ 24, 144 N.M. 132, 184 P.3d 444 ("On appeal, error will not be corrected if it will not change the result." (internal

10

quotation marks and citation omitted)). We hold that the error was harmless and does not constitute reversible error.

**3.      Exclusion of the Offer to Pay for the Custom Wheelchair**

{16}     Defendants contend that the offer to pay for a new custom wheelchair was not an offer of compromise as contemplated by Rule 11-408 NMRA because there was no attachment of the offer to a resolution of the pending litigation. Defendants contend that the offer would not have been introduced to refute liability, but rather to show that Plaintiff Morales-Murillo failed to mitigate her damages. Plaintiff Morales-Murillo testified that she had lost a level of independence after the accident because her original wheelchair was damaged and replaced with an older and less mobile wheelchair. Plaintiffs clarify that the City only offered to pay "one-half" of the cost of a replacement wheelchair. Plaintiffs argues that (1) the City's offer was irrelevant to the issue of mitigation; (2) the City's offer raises questions about how the provisions for one-half of the cost of a customized wheelchair would have allowed Plaintiff Morales-Murillo to obtain the whole wheelchair; and (3) it would be pure speculation for the jury to figure out the impact of a new wheelchair on Plaintiffs' damages at trial. The district court excluded the City's offer to pay for a wheelchair because Rule 11-408 prohibited it and the offer was not relevant to the issue the jury was tasked with deciding.

11

{17} Assuming without deciding that Defendants' offer to pay for one-half of a custom wheelchair was not a settlement offer, we consider whether the offer to pay was relevant to the issue of mitigation of damages. Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence[.]" Rule 11-401 NMRA. "Whatever naturally and logically tends to establish a fact in issue is relevant." *McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 14, 143 N.M. 740, 182 P.3d 121 (alteration, internal quotation marks, and citation omitted). We review the admission or exclusion of evidence for abuse of discretion. *Dean v. Paladin Exploration Co.*, 2003-NMCA-049, ¶ 8, 133 N.M. 491, 64 P.3d 518. Absent a clear abuse of the district court's discretion, evidentiary rulings will not be disturbed on appeal. *Id.* "A court abuses its discretion when a ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.*

{18} Defendants argue that Plaintiff Morales-Murillo's damages for her loss of independence would have been mitigated by the purchase of a customized wheelchair. Defendants base their argument on Plaintiff Morales-Murillo's testimony that she lost a certain level of independence that she had before the accident, because her original wheelchair was damaged and replaced with an older, less mobile wheelchair. Thus, Defendants contend, Plaintiff Morales-Murillo's purchase of a new customized

wheelchair, would have limited her damages. Plaintiffs have correctly pointed out that Defendants have not identified any evidence in the record to support how the purchase of a customized wheelchair would have mitigated her damages. We will not attempt to decipher this unclear, undeveloped argument. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70 (stating that an appellate court "will not review unclear arguments, or guess at what a party's arguments might be" (alteration, internal quotation marks, and citation omitted)).

{19}    We are not convinced that Defendants' offer to pay for one-half of a customized wheelchair was relevant to the issue of whether or not the Plaintiff failed to mitigate her damages. We therefore conclude that the district court did not abuse its discretion in excluding the City's offer to pay for one-half of a custom wheelchair.

**B.    The Motion for a Mistrial**

{20}    Defendants argue that the district court abused its discretion by denying Defendants' motion for a mistrial after their expert discovered he had mistakenly referenced a different patient's documents during his testimony. The standard of review for a motion for a mistrial is abuse of discretion and "absent a clear abuse of discretion, we will not reverse." *Gallegos v. State Bd. Of Educ.*, 1997-NMCA-040, ¶ 30, 123 N.M. 362, 940 P.2d 468. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State*

13

*v. Simonson*, 1983-NMSC-075, ¶ 22, 100 N.M. 297, 669 P.2d 1092. Granting a mistrial is an extreme remedy. *See State v. Allison*, 2000-NMSC-027, ¶ 23, 129 N.M. 566, 11 P.3d 141.

{21} Defendants' expert, Dr. Daniel Romanelli, testified about the independent medical examination (IME) he performed on Plaintiff Morales-Murillo. As part of the IME, Plaintiff Morales-Murillo had filled out a questionnaire, consisting of questions about how much pain she was feeling at the time, and a pain diagram. These documents consisted of about four written pages. During his trial testimony, Dr. Romanelli discovered that the questionnaire and the pain diagram were from another patient and had mistakenly been placed in the packet containing his IME report for Plaintiff Morales-Murillo, a trial exhibit from which he had been testifying. Upon learning of the mistake, the district court excused the jury and conferred with counsel.

{22} To remedy the error, the correct questionnaire and pain diagram were inserted into the rest of Dr. Romanelli's IME report packet and were also added as an addendum to the existing trial exhibit containing the incorrect questionnaire and pain diagram. Dr. Romanelli believed this solution would allow him to testify accurately in regards to Plaintiff Morales-Murillo's questionnaire and pain diagram. During the district court's conference with counsel, Defendants asked for the mistrial based on the incorrect testimony of Dr. Romanelli, but the motion was denied. The district court

14

indicated that any prejudice would go against the Plaintiffs presumably because Dr. Romanelli, the Defendants' expert, had incorrectly testified to a questionnaire and pain diagram that indicated that the patient was in less pain than Plaintiff had actually reported in her questionnaire and pain diagram. After reconvening the jury, both Defendants and Plaintiffs were permitted to question Dr. Romanelli about the mistake and his incorrect testimony before developing the correct testimony.

{23} Defendants argue that the district court abused its discretion by not granting the motion for a mistrial. Defendants reason that the surprise factor of the unplanned expert testimony and prejudice of the new evidence was sufficient to grant a new trial. Defendants go on to argue that the new evidence was prejudicial because the incorrect questionnaire and pain diagram contained responses significantly less than Plaintiff Morales-Murillo's actual responses to the amount of pain she was in at the time of the IME. Notably, Defendants concede in their brief that the addition of the correct questionnaire and pain diagram as an addendum to the incorrect documents was sufficient to cure any confusion the jury may have had about which were the correct responses. Plaintiffs argue that the City had the opportunity, at trial, to address any such confusion. They also argue that Dr. Romanelli testified that his opinion was based on the Plaintiff Morales-Murillo's pain questionnaire, not the other patient's questionnaire.

15

**{24}** Defendants further argue the mistaken testimony was not Defendants' counsel's fault because it was not discovered either through the deposition or informal conversations with Dr. Romanelli that the initial IME report contained the wrong questionnaire and pain diagram. Second, Defendants argue that the district court did not issue a curative instruction to the jury after it was discovered Dr. Romanelli was testifying from the wrong documents. Defendants do not indicate whether they ever requested a curative jury instruction or whether they requested that the district court caution the jury regarding the mistaken testimony.

**{25}** "[A] party who has contributed, at least in part, to perceived shortcomings in a [district] court's ruling should hardly be heard to complain about those shortcomings on appeal." *State v. Am. Fed'n of State, Cty., & Mun. Emps. Council 18*, 2012-NMCA-114, ¶ 16, 291 P.3d 600 (internal quotation marks and citation omitted). As the Defendants' expert witness, Dr. Romanelli was entitled to defense counsel's assistance in ensuring that his testimony was presented accurately and persuasively. It is problematic that Defendants' counsel based the motion for a mistrial on information that arguably should have been discovered through his preparation of his expert witness for trial.

**{26}** Additionally, because Defendants did not request a curative instruction, they did not preserve this argument for appeal. *See Sandoval v. Baker Hughes Oilfield*

*Operations, Inc.*, 2009-NMCA-095, ¶¶ 65-66, 146 N.M. 853, 215 P.3d 791. We conclude that the district court did not abuse it broad discretion in denying Defendants' motion for a mistrial. *See Chavez v. Atchison, Topeka & Santa Fe Ry. Co.*, 1967-NMSC-012, ¶ 32, 77 N.M. 346, 423 P.2d 34 ("It is for the trial court to determine whether there has been prejudicial misconduct requiring mistrial.").

**C.      The Special Verdict Form**

{27}      Defendants next argue that the district court erred when it interpreted the jury verdict to impose 100 percent liability on the Defendants. Question five on the verdict form contained spaces to assign liability to Plaintiff Murillo, the City of Las Cruces, and Officer Mendoza. The jurors were permitted to assign the percentage of negligence of each party and were instructed to assign zero percent if the party was not negligent. The jury returned a verdict assigning zero percent liability to Plaintiff Murillo, 20 percent liability to the City of Las Cruces, and 80 percent to Officer Mendoza.

{28}      Defendants argue that the City of Las Cruces cannot be held liable apart from the actions of its employees, such as Officer Mendoza. Thus, Defendants urge that the judgment awarded to Plaintiffs should be reduced by 20 percent and Defendants should only be liable for the 80 percent assigned to Officer Mendoza.

17

{29} Prior to submitting the special verdict form to the jury, the district court conferred with counsel for both Defendants and Plaintiffs to discuss jury instructions and the special verdict form. After the district court gave its rationale for the structure of question five on the special verdict form, both parties were given the opportunity to object. Counsel for Defendants responded, "Your Honor, I don't actually have any objection, your Honor." Defendants did not file any post-trial motions objecting to the special verdict form or make any other objections after the jury reached a verdict, despite being given an additional opportunity to do so by the district court.

{30} "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717; *see In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation). Defendants did not object to the special verdict form at any point during the proceedings below and therefore the argument has not been preserved. When a party fails to preserve an argument, "[t]he only theory available, which would allow this Court to review the issue substantively, is a general application of the law of fundamental error." *Gracia v. Bittner*, 1995-NMCA-064, ¶ 23, 120 N.M. 191, 900 P.2d 351. We have held that it is "doubtful that the doctrine of fundamental error

applies in civil cases, where the asserted error inheres solely in difficulties with jury instructions." *Id.* "Like jury instructions, verdict forms direct the jury regarding how to calculate damages. As such, error in a civil verdict form is similar to error in civil jury instructions, and is generally not fundamental." *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 40, 125 N.M. 748, 965 P.2d 332. Therefore, we do not address Defendants argument as to the allocation of liability on the special verdict form.

**D.      Future Medical Expenses**

{31}      Defendants argue that the district court erred because the jury award for future medical expenses was excessive and unsupported by expert testimony. Defendants have also failed to preserve these issues. The district court went through each jury instruction and gave the parties an opportunity to object. The district court provided an explanation as to why he revised the special verdict form—in order to avoid any confusion between past and future damages. On the special verdict form, there was a separate question for past medical and medically related expenses and a separate question for future medical and medically related expenses. Defense counsel's only comment was to point out that Plaintiff Morales-Murillo's name needed to be corrected. Defendants do not direct us to any place in the record to show that they objected to the jury's consideration of future medical and medically related damages.

19

*See* Rule 1-051(I), NMRA ("For the preservation of any error in the charge, objection must be made to any instruction given[.]").

{32} Defendant did not otherwise preserve the issue of excessiveness for appeal. *See* Rule 1-050(A)(1) NMRA (allowing for a defendant, at the close of evidence to file a motion for judgment as a matter of law, asking the court to find that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [plaintiff] on that issue"); *see also* Rule 1-050(B)(1) (allowing a defendant to file a post-trial motion for judgment as a matter of law, after the entry of the judgment).

{33} Additionally, Defendants do not specifically point us to the location in the record where they objected to the expert witnesses' testimony at trial and invoked the district court's ruling. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). Nor do Defendants otherwise develop or set forth any legal authority in support of their argument that the expert witnesses' testimony was unsupported by medical testimony. *See Corona*, 2014-NMCA-071, ¶ 28 ("This Court has no duty to review an argument that is not adequately developed.").

**{34}** In determining whether a jury verdict is excessive, we do not reweigh the evidence but determine whether the verdict is excessive as a matter of law. *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 49, 127 N.M. 47, 976 P.2d 999. The jury's verdict is presumed to be correct. *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-006, ¶ 16, 127 N.M. 1, 976 P.2d 1. Defendants argue that because there was no evidence to prove future medical damages, and the highly emotional testimony about Plaintiff Morales-Murillo's 2001 accident, the jury based the future medical damages award on prejudice and passion. However, because Defendants again fail to develop this argument and provide any supportive legal authority, we need not consider it. *See Corona*, 2014-NMCA-071, ¶ 28 ("This Court has no duty to review an argument that is not adequately developed.").

## III.   CONCLUSION

**{35}** Accordingly, we affirm the district court's exclusion of the Defendants' offer to pay for one-half of a customized wheelchair and its denial of Defendants' motion for a mistrial. Although the district court's decision to admit evidence of Officer Mendoza's post-accident speeding citation was error, it does not constitute reversible error. Because of lack of preservation, we do not address Defendants' FCRB evidentiary argument, the determination of liability against the Defendants on the special verdict form, and the jury's award for future medical expenses. As a result, the

determination of liability against the Defendants and the jury's award for future medical expenses are affirmed.

{36}    **IT IS SO ORDERED.**

 

                           _____
                           **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**HENRY M. BOHNHOFF, Judge**